# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**LEONARD MOORE, JASON EVERS,**
**CHRISTOPHER LUNGRIN, FREDRICK**
**ROGERS, COREY RODE, MATHEW**
**MCDOUGLE,**
    **Plaintiffs,**

-vs-                 Case No. 6:08-cv-317-Orl-19DAB

**APPLIANCE DIRECT, INC.,**
**SEI PAC,**
    **Defendants.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

  This cause came on for consideration with oral argument on the following motion filed herein:

> **MOTION:**  **MOTION FOR ATTORNEY'S FEES AND COSTS (Doc. No. 59)**
>
> **FILED:**   **January 7, 2009**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part.

  This cause came on for consideration upon referral by the District Judge to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district

court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* A Settlement Fairness Hearing and oral argument on the Motion for Fees was held on February 18, 2009, with counsel for both parties appearing in person.

*I. Offers of Judgment*

Based on Plaintiffs' representations in their Answers to Court Interrogatories, Plaintiffs were employed as delivery drivers or an assistant to a drive for Appliance Direct for varying periods of time. The extent of Plaintiffs' entitlement to overtime was disputed by both sides. The amounts Plaintiffs initially sought in their Responses to Court Interrogatories for alleged overtime worked[1] – prior to the time Appliance Direct's Verified Summaries were provided – are listed in the chart below; as well as the offer of judgments, weekly overtime hours alleged, rate of pay, judgment amounts, and time period for which overtime was sought.

At the settlement fairness hearing, Plaintiffs' counsel represented that Plaintiffs compromised for $14,000 less than the amounts there were entitled to receive (presumably after reviewing the

---
[1]The amounts are exclusive of liquidated damages.

Defendants' Verified Summaries and records), or for about 20% less, exclusive of liquidated damages. Counsel represented that Plaintiffs were willing to compromise their claims because they desired to receive the money sooner. Defendants' counsel represented that as far as they knew, Plaintiffs had been fully compensated through the offers of judgment, with the separate issue of fees to be determined by the Court.

| | Weekly O/T alleged (hrs) | Rate of Pay | Time period | Amt in Response to Court Interrogatories | Offer of Judgment Amounts |
|---|---|---|---|---|---|
| Leonard Moore | 30 | $10/stop | 1/05-1/08 | $45,000.00 | **$16,346.90** |
| Jason Evers | 20 | $10/stop | 1/05-1/08 | $45,000.00 | **$10,041.44** |
| Christopher Lungrin | 30 | $10/stop | 1/05-1/08 | $45,000.00 | **$5,298.76** |
| Fredrick Rogers | 30 | $12/stop | 11/06-11/07 | $45,000.00 | **$6,149.62** |
| Corey Rode[2] | N/A | N/A | N/A | N/A | **$2,414.02** |
| Mathew McDougle (driver's assistant) | 30 | $7.5/stop | 3/07-6/07 | $500.00 | **$121.26** |
| | | | | | **$40,372.00** |

Plaintiffs' acceptances of the offers of judgment in the amounts listed above for unpaid wages and liquidated damages are fair and reasonable. It is **RECOMMENDED** that the offers of judgment be accepted by the District Court as "fair and reasonable resolutions of bona fide disputes" over FLSA issues.

*II. Attorney's Fees*

Plaintiffs' attorney has filed a Motion for attorney's fees and costs[3] seeking $32,650.00 and costs of $1,327.66. Doc. No. 59. Defendants are opposed to the amounts sought arguing specific

---

[2]Plaintiff Corey Rode did not file a Response to the Court's Interrogatories, having opted in later in the case.

[3]Plaintiffs initially sought $42,045.25 (Doc. No. 59), but reduced the amount through Plaintiffs' filing of a Supplemental Affidavit by Jesse L. Skipper, Esq. which recommends a reduced fee award of $32,650. Doc. No. 63-2.

-3-

objections as to hourly rates and discounting the hours sought, recommending a reduced fee award of $12,033.75.

*A. Attorney Rates*

Defendants first contend that Mr. Arcadier's rate should be reduced to $175.00 because he is not board certified[4] in labor and employment law, has only been a member of the Florida Bar since 1997, and he has not demonstrated any proficiency or skill in FLSA matters to warrant the $250 per hour that Plaintiffs seek. Doc. No. 60 at 7. They also contend that Ms. Cooney's rate should be reduced because she was not admitted to practice law in the State of Florida until September 24, 2008 and any work performed prior to September 24, 2008 should not be taxed against the Defendants, since she was not a licensed attorney at the time some of her services were performed. Doc. No. 60 at 6. Plaintiffs' Expert, Jesse L. Skipper, Esq., opines that a rate of $250 per hour is appropriate for Maurice Arcadier, Esq. and a rate of $175.00 per hour for Lauren Cooney, Esq. Doc. No. 63-2 at 7. Mr. Arcadier provided an affidavit, however, he did not state in his affidavit the levels of experience for himself or his associates. At the hearing, Plaintiff did not dispute that Ms. Cooney did not become a member of the bar until September 24, 2008, and Ms. Amina Levy was not a member of the Florida Bar during the litigation (although a member of the California Bar).

The Court will award a rate of $210 per hour for Mr. Arcadier, who did a capable job in this FLSA case; however, he did a poor job of communicating via the Motion or his affidavit in support the extent of his experience in other employment or FLSA cases. Doc. No. 59 at 7. The Motion argues Mr. Arcadier has been a member of the Bar since 1997 and has "successfully obtained relief for Plaintiffs and Defendants in many FLSA matters" but does not list any of the FLSA or

---

[4] Plaintiffs' Motion for Fees states that Mr. Arcadier has, this year, applied for board certification in employment law.

-4-

employment cases, which the Court typically finds recited by counsel in their affidavits. Defendants contend that the two FLSA cases they are aware of in the Middle District were settled "at the first attempts at mediation" and did not require much FLSA expertise. Doc. No. 60 at 3 n.1.

Plaintiffs seek reimbursement for Ms. Amina Levy's time at the rate of an accountant in Brevard County, or $150 per hour; this rate notably is *not* supported by Plaintiffs' expert who candidly admitted he did not have experience in accountant-type charges. Doc. No. 63-2 at 5. Defendants also argue that, based on several time entries for inputting data into spreadsheets, Ms. Levy's work is more akin to clerical work and should be compensated at a "data entry" rate. Doc. No. 60 at 6. The Court disagrees that the work was purely "data entry" and Plaintiff's expert's opinion is well-taken, that "a high level of technical skill is exercised in creating the spreadsheet in the first place and then in deriving the numbers to be entered into the cells and fields, and in determining the calculations and functions to be applied to the data." Doc. No. 63-2. The Court also agrees that having a "tax attorney, albeit one not yet admitted to the bar, prepare a spreadsheet like this, renders the product more reliable, and thereby eliminates or at least lessens the level of review and oversight by other professionals." Doc. No. 63-2 at 6. Ms. Levy's time will be compensated at the rate of an experienced paralegal or law clerk, or at $90.00 per hour.[5]

*B. Lawyer and Law Clerk Hours*

Defendants object to nearly half (47.05 of 104.7) of the hours submitted for Mr. Arcadier, arguing he has not exercised the appropriate level of billing judgment and has included time which is unproductive, excessive, or redundant. They also argue that the lack of billing judgment extends to the excessive and redundant use of two attorneys and two assistants. Doc. No. 60 at 2-3.

---

[5]The Court does not address Defendants' arguments as to Ms. Levy's time, since Plaintiffs' expert proposed a reduction to 23 hours. *See* Doc. No. 63-2 at 6-7.

Defendants further contend that the time sought is disproportionate in light of the success achieved; the initial demand for four of the drivers was for $180,000 in overtime wages due (plus the same amount for liquidated damages), and the final offers of judgment accepted totaled $40,372.00. The Court, having reviewed settlements and trials in many FLSA cases, finds that the offers of judgment in this case were a good result for Plaintiffs, even if the initial estimates were unrealistic; Mr. Arcadier's hours will not be reduced on this basis alone.

Defendants more specifically argue that Mr. Arcadier has inappropriately billed for travel (3.8 hours), for discussions with non-plaintiffs (4 hours), and for an aborted effort to file a collective action (filed previously by different counsel in another case - 3.3 hours). The Court agrees. Time spent on pleadings that are never filed does not advance the case and is not chargeable to one's adversary; this time will be deducted. Time spent responding to the Court's Orders to Show Cause identifying issues in the case (1.3 hours), or responding to Defendants' well-placed inquiries concerning Ms. Levy's bar status (.3 hours) are also properly excluded. Defendants argue entries for reviewing correspondence, filing a status report (12/8/08), and relating to the offers of judgment and fees are too high. The Court agrees and these entries will be reduced by 50%, or by 7 hours. Defendants' other objections, including those to time spent reviewing voluminous pay and time records (6 boxes according to Plaintiffs) and meeting with Plaintiffs or with law clerks performing the work are overruled; such oversight is appropriate in an FLSA case, and counsel's time was not inordinate for coordinating the spreadsheets to figure the actual overtime worked of the six Plaintiffs total.

Defendants object to time submitted for Ms. Cooney as duplicative of Mr. Arcadier's time, and for non-attorney, clerical, and administrative work, or as non-chargeable travel time. Doc. No. 60 at 14. Ms. Cooney's time reviewing the "stop sheets" was law clerk/paralegal-level work and she will be compensated at a law clerk hourly rate of $90 for 11.1 hours, including the meeting with Mr.

Arcadier to discuss it. The Court deducts travel time of 3.8 for Mr. Arcadier and 2 hours for Ms. Cooney. Travel time is not properly visited on one's adversary, absent a showing of a lack of qualified local counsel; such a showing has not been made here.

*C. Paralegal Rates and Hours*

Defendants contend that the paralegals, Alina Saquez and Christina Levy should be compensated at $35.00 per hour, which is what Defendants paid for external data entry. The Court does not agree. The computations completed for up to three years of overtime for the six Plaintiffs, along with calculations of the drivers' travel time from stop to stop based on distance, is a function traditionally done by paralegals at law firms handling such cases. The paralegals' time will be compensated at $85, which would be the low end of the range, because Mr. Arcadier did not provide any information as to their experience.

Defendants' objections to the work performed by the paralegals, including handling scheduling, summons, interrogatories, and inputting data and calculating the overtime in the spreadsheets, are overruled.

*D. Summary*

Based on the analysis as set forth above, the Court finds that Plaintiffs should be awarded a reasonable fee of **$22,406.50** for work performed in connection with the FLSA claims of the six Plaintiffs which resulted in offers of judgment totaling $40,372.00. Mr. Arcadier's hourly rate should be adjusted to $210 per hour; Ms. Cooney's and Ms. Levy's rates should be adjusted to $ 90. The adjustments are set forth in the chart below.

| | Type of Work | Rates Sought | Def. Rates | Rates Awarded | Hours Sought | Def. Hours | Hours Awarded | Total Amount |
|---|---|---|---|---|---|---|---|---|
| Arcadier, Esq.[6] | Partner | $300.00 | $175.00 | $210.00 | 104.7 | 59.45 | 85.0 | $17,850.00 |
| Cooney, Esq. | Law clerk | $175.00 | $125.00 | $90.00 | 14.1 | 1.0 | 11.1 | $999.00 |
| Levy[7] | Law clerk | $90.00 | $35.00 | $90.00 | 23.0 | 42.8 | 23.0 | $2,070.00 |
| Paralegals | | $85.00 | $35.00 | $85.00 | 17.5 | 0.2 | 17.5 | $1,487.50 |
| **TOTALS** | | | | | | | | $22,406.50 |

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on February 20, 2009.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy

---

[6] Plaintiffs withdrew a request for reimbursement of 1.8 hours of Mr. Arcadier's time at the hearing.

[7] Plaintiffs' counsel has two employees with the last name Levy. *See* Doc. No. 59-2 at 2-3.