**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

LEONARD MOORE, JASON EVERS, CHRISTOPHER
LUNGRIN, FREDRICK ROGERS, COREY RODE,
MATTHEW MCDOUGLE,
              **Plaintiffs,**

-vs-                                                                    Case No. 6:08-cv-317-Orl-19DAB

APPLIANCE DIRECT, INC.,
SEI PAC,
              **Defendants.**
_____

**ORDER**

**I. INTRODUCTION**

This cause comes before the Court for consideration of Magistrate Judge David A. Baker's February 20, 2009 Report and Recommendation ("R&R") (Doc. No. 65) and the Objections thereto filed by Plaintiffs Leonard Moore, Jason Evers, Christopher Lungrin, Fredrick Rogers, Corey Rode, and Matthew McDougle ("Plaintiffs") on March 2, 2009 (Doc. No. 66). Defendants Appliance Direct, Inc. and Sei Pac ("Defendants") did not timely file a response to Plaintiffs' objections. Also before the Court is Plaintiffs' Motion for Attorneys' Fees and Costs (Doc. No. 59), filed on January 7, 2009.

Plaintiffs were employed by Appliance Direct, Inc. either as drivers or assistants to drivers for varying periods of time. Plaintiffs brought this action against Defendants, alleging failure to pay overtime under the Fair Labor Standards Act ("FLSA"). The parties dispute the extent of Plaintiffs' entitlement to overtime pay. Defendants made offers of judgment to Plaintiffs for about 20% less than the amounts Plaintiffs alleged they were entitled to receive

and Plaintiffs accepted the offers. On February 18, 2009, Judge Baker held a hearing on the settlement's fairness and heard oral argument on Plaintiffs' Motion for Attorneys' Fees and Costs.

## II. ANALYSIS

### A. Offers of Judgment

"When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982) (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946)). The settlement must be a "fair and reasonable resolution of a bona fide dispute." *Id.* at 1344-45.

In his R&R, Judge Baker found that Plaintiffs and Defendants had bona fide disputes over the extent of Plaintiffs' entitlement to overtime pay. (Doc. No. 65 p. 2.) He also found that Plaintiffs compromised "their claims because they desired to receive the money sooner." (*Id.* at 3.) Based on the evidence presented at the hearing, Judge Baker concluded that Plaintiffs were reasonable to accept the offers of judgment and recommended that the Court accept the offers of judgment as fair and reasonable resolutions of bona fide disputes. (*Id.*) The parties do not object to this portion of Judge Baker's R&R. After reviewing the record, the Court agrees with Judge Baker that the offers of judgment are fair and reasonable resolutions of bona fide disputes.

### B. Motion for Attorneys' Fees and Costs

As a preliminary matter, the Court finds that Plaintiffs are entitled to attorneys' fees and costs as prevailing parties in an FLSA action. *See Powell v. Carey Intern., Inc.*, 548 F. Supp. 2d 1351, 1355-56 (S.D. Fla. 2008). In their Motion for Attorneys' Fees and Costs, Plaintiffs seek $32,650.00 in fees and $1,327.66 in costs.[1] (Doc. No. 59.) In their Response to Plaintiffs' motion, Defendants raise specific objections to the hourly rates and number of hours sought by Plaintiffs, arguing that Plaintiffs are entitled only to $12,033.75 in fees and $470.00 in costs. (Doc. No. 60 p. 10.) In his R&R, Judge Baker reduced the rates and hours sought by Plaintiffs for Maurice Arcadier, Esq. and Lauren Cooney, Esq. and awarded the rates and hours sought by Plaintiffs for Amina Levy and paralegals Alina Saguez and Christina Levy. In total, Judge Baker recommended an award of $22,406.50 for attorneys' fees. The parties' requests and Judge Baker's awards are summarized in Table 1.

**Table 1**

|  | Type of Work | Rates Sought | Defendants' Rates | Rates Awarded | Hours Sought | Defendants' Hours | Hours Awarded | Total Amounts |
|---|---|---|---|---|---|---|---|---|
| Arcadier, Esq. | Partner | $300.00 | $175.00 | $210.00 | 104.7 | 59.45 | 85.0 | $17,850.00 |
| Cooney, Esq. | Law Clerk | $175.00 | $125.00 | $90.00 | 14.1 | 1.0 | 11.1 | $999.00 |
| Levy | Law Clerk | $90.00 | $35.00 | $90.00 | 23.0 | 42.8 | 23.0 | $2,070.00 |
| Saguez and Levy | Paralegals | $85.00 | $35.00 | $85.00 | 17.5 | 0.2 | 17.5 | $1,487.50 |
| **TOTAL** |  |  |  |  |  |  |  | **$22,406.50** |

Plaintiffs object to Judge Baker's reduction of Mr. Arcadier's hourly rate and his elimination of 3.8 hours for travel time. Plaintiffs also object to the R&R's omissions regarding

---

[1] Plaintiffs initially sought $42,045.25 in fees, but reduced their request to $32,650.00 through the Supplemental Affidavit of Jesse L. Skipper, Esq., which recommends the reduced amount. (Doc. No. 63 Ex. F, p. 6.)

-3-

an award of costs and reimbursement for their attorneys' fees expert, Jesse Skipper, Esq. Neither Plaintiffs or Defendants object to any other portion of Judge Baker's R&R.

*1. Mr. Arcadier's Hourly Rate*

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (citing *Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11 (1984)). The party seeking a particular hourly rate "bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates." (*Id.*) Finally, "satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work." (*Id.*)

Plaintiffs argue that Judge Baker erred when he awarded Mr. Arcadier an hourly rate of $210.00, rather than the hourly rate of $300.00 requested in their motion. Plaintiffs rely on the expert fee affidavit provided by Mr. Skipper, which states that the customary hourly rate for Mr. Arcadier should be between $250.00 and $350.00. Plaintiffs also rely on the affidavit of Mr. Arcadier, which states that he has obtained relief for plaintiffs and defendants in "many FLSA matters." Finally, Plaintiffs assert that the Middle District of Florida awarded Mr. Arcadier an hourly rate of $300.00 in *Pypers v. Fifth Ave. Grill, Inc.*, No.: 6:07-cv-559 (M.D. Fla. May 6, 2008), which was an uncontested FLSA matter.

Judge Baker's R&R reduced Plaintiffs' requested rate, finding that Mr. Arcadier performed capably in this case, but did not adequately demonstrate his experience in other employment or FLSA cases. Judge Baker noted that Plaintiffs did not list any of "the many" FLSA or employment cases that Mr. Arcadier has successfully handled. Judge Baker also

-4-

acknowledged Defendants' assertion that they were aware of only two FLSA cases handled by Mr. Arcadier in the Middle District; both of which were settled quickly and did not require much FLSA expertise.

The Court affirms Judge Baker's findings. Plaintiffs have not sufficiently demonstrated that Mr. Arcadier's skill and experience are comparable to other attorneys handling FLSA matters. Plaintiffs' belated reference to a single FLSA case, *Pypers*, is unavailing. As acknowledged by Mr. Arcadier, *Pypers* was resolved by a default judgment and the plaintiff's petition for attorneys' fees was uncontested. Thus, its persuasiveness is limited in this case because Defendants vigorously contest Plaintiffs' motion. The *Pypers* court's award of an hourly rate of $300.00 does not persuade this Court that an award of $300.00 is appropriate in this case. Accordingly, based on Plaintiffs' inadequate documentation of Mr. Arcadier's skill and experience in FLSA matters, the Court awards Mr. Arcadier a rate of $210.00 per hour.

*2. Travel Time*

Plaintiffs argue that Judge Baker erred when he reduced Mr. Arcadier's attorney time by 3.8 hours for travel. Judge Baker deducted the travel time, stating that "[t]ravel time is not properly visited on one's adversary, absent a showing of a lack of qualified local counsel." (Doc. No. 65 p. 7.) Judge Baker further held that Plantiffs failed to make that showing. (*Id.*) Plaintiffs contests this finding, asserting that Mr. Arcadier is local counsel in the Middle District because he practices in Melbourne, Florida, which is located in Brevard County. Further, Plaintiffs argue that each plaintiff resides in Brevard County and Appliance Direct, Inc. is headquartered in Melbourne, Florida. Because all Plaintiffs and at least one defendant are in

Brevard County, Plaintiffs assert that Mr. Arcardier's time to attend Court ordered appearances in Orlando is compensable.

The Court agrees with Judge Baker's finding that Mr. Arcadier's travel time is not compensable. *See Dillard v. City of Foley*, 995 F. Supp. 1358, 1370 (M.D. Ala. 1998) (noting that "courts have reduced the compensation of out-of-town counsel, or have refused to compensate them at all, for travel time where the case could have been litigated ably by local counsel").

*3. Award of Costs*

Plaintiffs object to the R&R on the grounds that it is silent regarding an award of costs. In their Motion for Attorneys' Fees and Costs, Plaintiffs requested $1,327.66 in costs. Plaintiffs' costs are itemized in the spreadsheet attached to its motion, indicating the following costs: $12.06 for postage/delivery, $600.00 for copies, $490.00 for filing and serving the Complaint (including $20.00 for a delivery fee), and $225.60 related to travel expenses.[2] Defendants assert that Plaintiffs are entitled only to the filing fee of $350.00 and the two process server fees of $60.00, for a total of $470.00.

A prevailing party in an FLSA action is entitled to an award of costs. *See* 29 U.S.C. § 216(b). In an FLSA action, the district court may not award costs in excess of those enumerated in 28 U.S.C. § 1920. *See Helms v. Cent. Fla. Reg'l Hosp.*, No. 6:05-cv-383, 2006

---

[2] The travel expenses include fifty-eight cents per mile and $11 in tolls for two vehicles to make the 140-mile round trip drive to Orlando from Melbourne, Florida. The travel expenses also include fifty-eight cents per mile for three thirty-mile round trips to Defendants' counsel's office. Plaintiffs do not seek costs for their undocumented round trip to Defendants' counsel's office on June 1, 2008.

WL 3858491 *3 (M.D. Fla. Dec. 26, 2006). Section 1920 provides that a district judge may tax as costs the following:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. The Court will consider each of Plaintiffs' requested costs in turn.

Plaintiffs are not entitled to tax postage and delivery expenses as costs because § 1920 does not provide for recovery of these costs. *See James v. Wash Depot Holdings, Inc.*, 242 F.R.D. 645, 649 (S.D. Fla. 2007). Similarly, Plaintiffs' travel expenses are also not taxable as costs under § 1920. *See Tang How v. Edward J. Gerrits, Inc.*, 756 F. Supp. 1540, 1546 (S.D. Fla. 1991) (travel expenses not taxable); *Moon v. Technodent Nat., Inc.*, 5:06-cv-358, 2009 WL 111678 *4 (M.D. Fla. Jan. 15, 2009) (approving magistrate's recommendation to deny travel expenses as taxable costs in FLSA matter).

Plaintiffs' copying costs are taxable because they have demonstrated that copies of Defendants' delivery records were necessary to calculate their entitlement to overtime pay. Moreover, the cost per copy (either six or seven cents) is reasonable. However, the Court will not tax the full $600.00 requested by Plaintiffs for copying costs because their filings

substantiate copying costs of only $574.43.[3] Finally, Plaintiffs' filing fee ($350.00) and process server fees (total of $120.00) are taxable as costs, but not their postage fee of $20.00. Accordingly, Plaintiffs are awarded $1,044.43 in costs.

*4. Reimbursement for Attorneys' Fees Expert*

Plaintiffs object to the R&R on the grounds that it is silent regarding Mr. Skipper's expert fee costs of $630.00. Plaintiffs paid Mr. Skipper $300.00 an hour as an attorneys' fee expert. Mr. Skipper spent 2.1 hours reviewing this case and preparing an expert witness affidavit. Plaintiffs did not request reimbursement for Mr. Skipper's fees in their Motion for Attorneys' Fees and Costs.

The Court finds that Plaintiffs are not entitled to expert fee costs of $630.00 for Mr. Skipper's services. Neither 29 U.S.C. § 216(b) or 28 U.S.C. § 1920 provide a basis for Plaintiffs to recover fees paid to non-testifying expert witnesses. *Glenn v. Gen. Motors Corp.*, 841 F.2d 1567, 1575 (11th Cir. 1988); *Tang How,* 756 F. Supp. at 1546.

Based on the foregoing, it is ORDERED as follows:

1. The February 20, 2009 Report and Recommendation (Doc. No. 65) is APPROVED and ADOPTED.

2. Plaintiffs Leonard Moore, Jason Evers, Christopher Lungrin, Fredrick Rogers, Corey Rode, and Matthew McDougle's Objections to Proposed Findings and Recommendations (Doc. No. 66), filed on March 2, 2009, are OVERRULED IN PART and GRANTED IN PART. The

---

[3] Plaintiffs' November 13, 2008 receipt for copying costs includes $8.45 for clips. This purchase is not taxable as a cost. Accordingly, the Court has deducted the cost and sales tax associated with this purchase in calculating Plaintiffs' copying costs.

Objections are GRANTED only to the extent that the Court awards Plaintiffs costs of the action, as specifically provided herein.

3. Plaintiffs Leonard Moore, Jason Evers, Christopher Lungrin, Fredrick Rogers, Corey Rode, and Matthew McDougle's Motion for Attorneys' Fees and Costs (Doc. No. 59), filed on January 7, 2009, is GRANTED IN PART and DENIED IN PART. The motion is GRANTED insofar as it seeks an award of attorneys' fees and costs, and DENIED as to the amount of fees and costs requested. Plaintiffs are awarded **$22,406.50** for attorneys' fees and **$1,044.43** in costs.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on April 1, 2009.

Copies furnished to:

Counsel of Record
Unrepresented Party

ANNE C. CONWAY
United States District Judge